PER CURIAM.
Jeffrey Hall appeals his convictions for attempted second-degree murder, criminal mischief over $1,000, and shooting or throwing a deadly missile. Further, Hall claims the trial court erred by imposing adult sanctions without making findings in conformity with section 39.059(7), Florida Statutes (1993) as he was a juvenile at the time the alleged incident occurred.
The victim testified that on March 6, 1993, around 2:15 or 2:30 in the morning, he was attempting to drive home from a Burger King when his passage was blocked by another car. He waited while the occupants of that car talked to some girls. The victim said he saw Hall get out of the car’s rear seat on the driver’s side and walk around to the girls’ car, then Hall climbed back into his original seat.
*218 The victim started driving forward when the ear Hall was in pulled up to the corner. The victim stopped his car when the driver’s door and the driver’s rear door of the other car flew open. The victim stated that he saw Hall holding a black gun and he thought that he also saw the driver holding a gun, before he assumed a position of safety below his dashboard. The victim heard gunshots and heard bullets hit his car. He told the court that he was only five or six feet away from the shooter when the shots were fired.
Officer Taylor testified that he heard several shots while in the vicinity of the incident. Taylor was with Officer Smith at the time. Upon hearing the shots, the two officers got into their cars and sped off to investigate. They stopped a large vehicle with four occupants. Taylor checked the vehicle and found a semiautomatic 380 pistol partially concealed under the front passenger seat. When the victim arrived on the scene, the victim saw the gun. He told the court that just before he ducked his head down, he had seen Hall bring the gun up and had identified Hall as the shooter.
Smith confirmed that he had stopped the speeding car in that vicinity shortly after hearing gunshots fired, and that when stopped, Hall had been sitting directly behind the driver on the left side of the vehicle. Smith stated that in the vehicle where Hall was found, Taylor had found the weapon. Smith told the court that the victim arrived on the scene, very excited, and told the officers that Hall had shot at him. A firearm examiner testified the casings recovered matched the recovered gun. Hall testified on his own behalf, explaining that he was in the front of the vehicle, and that two other boys had done the shooting.
Hall argues that when the victim stated to the court that it was Hall who fired shots, the trial judge erred in not permitting Hall’s counsel, on cross-examination, to question the victim regarding his knowledge of firearms. The state answers that the victim’s knowledge of guns was irrelevant to whom the victim saw sitting where in the car, and whom he saw get out and shoot. We agree.
The victim testified he saw Hall holding a gun. The trial judge not permitting testimony as to the victim’s knowledge of guns could not change this testimony. Whether the victim was a ballistics expert or had never seen a gun before, the fact remains he testified he saw the defendant with a gun, and the cross-examination not permitted could not “modify, supplement, contradict, rebut or make clearer the facts” to which the victim testified on direct. See Roberts v. State, 510 So.2d 885, 893 (Fla.1987), cert. denied, 485 U.S. 943, 108 S.Ct. 1123, 99 L.Ed.2d 284 (1988).
We agree with Hall, however, that the trial court erred in imposing adult sanctions on him without following the requirements of section 39.059(7), Florida Statutes (1993). That section sets forth certain findings the trial court is required to make before a juvenile may be sentenced as an adult.
Accordingly, we affirm Hall’s conviction but reverse his sentence for a finding of whether adequate support exists for incarceration of the juvenile. Hall need not be present at re-sentencing.
Affirmed in part, reversed in part, and remanded.